IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEON HERRERA,**

    **Plaintiff,**

vs.                                                                       No. 16-CV-01366 LF/WPL

**FERNANDO "NANDO" GARCIA,**
**Individually and as Mayor of the Village of Springer,**
**PAUL MARES, Individually and as Chief of Police**
**of the Village of Springer, and**
**STEVEN MICHAEL MARTINEZ, Individually and**
**as agent of the New Mexico State Police,**

    **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

The Parties have agreed that certain information that is or may be the subject of discovery and disclosures in this case is or may be confidential. Therefore, the Parties have requested the Court to enter this Order to protect certain confidential materials from public disclosure.

Pursuant to such request, the Court finds that this Order is warranted, and makes and enters the following protective order. Being of the opinion that such an Order should be entered,

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

1.    The parties may designate as "Confidential" any documents and other materials, including, but not limited to documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response to any discovery conducted by the Parties in the above-captioned matter, and this Order

shall govern the treatment thereof.

2. As used in this Order, "Confidential" shall refer to any document, answer to interrogatory, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document that counsel in good faith believes merits protection, including, but not limited to, such documents as medical and psychological records and/or employment records and personnel files.

3. Upon producing any document or other discovery material, or answering any interrogatory, the producing Party may designate all or any portion or portions thereof as "Confidential." The Parties may designate any portion of any deposition transcript as "Confidential."

4. This order does not compromise any party's ability to challenge the designation of any document as "Confidential" by bringing the designation to the attention of the Court by appropriate motion. The designated confidential status of such information shall be preserved pending disposition of the motion.

5. "Confidential" material shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their employees), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such "Confidential" materials solely in the preparation for or trial of this action and for no other purpose. All outside expert witnesses employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were

employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

6. "Confidential" material may be disclosed to deponents during the course of their depositions. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such "Confidential" material to any other person. Upon receipt of such advice the deponent will be under the same restrictions with respect to such "Confidential" material as the Parties hereto.

7. In the event that any "Confidential" material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such "Confidential" material shall be kept under seal by the Clerk until further order of this Court.

8. All "Confidential" documents and material (including all copies) shall be returned to the attorney for the producing Party within 30 days of the conclusion of this lawsuit. No copies thereof shall be retained by any other person or Party. In the alternative, during the same time frame, the Party may certify that all "Confidential" documents and material received from another Party have been destroyed.

9. If documents, answers or other materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

10. Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing

Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the non-producing Party or of this Court.

11. If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

12. In the event of production or disclosure of any document which the producing Party believes should have been marked "Confidential" which is produced without that designation, the producing Party may, upon discovery of such production without designation, request the marking [and designation] of any such document as "Confidential" and thereafter such document and all copies of it shall be subject to the provisions of this protective order respecting the treatment of documents so stamped.

13. This Order shall continue in force until amended or superseded by express order of this Court and shall survive any Final Judgment entered herein.

_____
Hon. William P. Lynch
United States Magistrate Judge

*Respectfully submitted by:*

/s/ Matthew Bullock
Matthew Bullock
Jarmie & Associates
P.O. Box 26416
Albuquerque, NM  87125-6416
(505) 243-6727
Fax: (505) 242-5777
mbullock@jarmielaw.com
*Attorneys for Defendant Steven Martinez*


*Approved:*


*/s/ Samuel Herrera (Electronic Approval March 1, 2017)*
Samuel M. Herrera
Herrera Law Firm, P.C.
1113 Calle De Visariaga
Taos, NM  87571
(575) 751-0417
herrerafirm@qwestoffice.net
*Attorney for Plaintiff*


*/s/ Christina Brennan (Electronic Approval March 1, 2017)*
Christina L. G. Brennan
Brennan & Sullivan, P.A.
128 E. De Vargas St.
Santa Fe, NM  87501
(505) 995-8514
christina@brennsull.com
*Attorneys for Municipal Defendants*