IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEON HERRERA,
     Plaintiff,

vs.                            No.  16-CV-01366 LF/WPL

FERNANDO "NANDO" GARCIA,
Individually and as Mayor of the Village
of Springer, PAUL MARES, Individually
and as Chief of Police of the Village of
Springer, and STEVEN MICHAEL
MARTINEZ, Individually and as agent of the
New Mexico State Police,
     Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS FERNANDO GARCIA AND PAUL
MARES' MOTION TO DISMISS ON GROUNDS OF QUALIFIED IMMUNITY,
STATUTE OF LIMITATIONS AND FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AND MEMORANDUM OF LAW
IN SUPPORT THEREOF**

COMES NOW, Leon Herrera, the Plaintiff herein, by and through his attorney, Samuel M.

Herrera of The Herrera Firm, P.C., and hereby responds to Defendants Garcia and Mares motion:

Defendants raise issues of qualified immunity, failure to state a claim, state law immunity,

and statute of limitations.  Plaintiff will address each in turn.

**Qualified Immunity**

Defendants are correct that Plaintiff's claim is in effect, a malicious prosecution claim.

Plaintiff claims that Defendants provided false reports and testimony in order for a prosecution to

be initiated against the Plaintiff.  Complaint at ¶12.

In this matter, Plaintiff was arrested.  See Raton Police Department Offense/Incident Report

attached hereto and marked Exhibit 1.  Plaintiff bonded out immediately.  *Id.*

1

Defendants make three qualified immunity arguments: Fourth Amendment, Equal Protection, and First Amendment.  Defendants then make two arguments under the New Mexico Tort Claims Act: immunity and statute of limitations.   Plaintiff will address each argument in turn.

Fourth Amendment/Fourteenth Amendment.

Defendant Garcia is the Mayor of the Town of Springer.  Complaint at ¶3.  Defendant Garcia was the police chief of the Town of Springer. Complaint at ¶4. (but has since left this position).  Plaintiff will first address Defendants' arguments as they relate to both Defendants and then make an argument separately concerning Defendant Garcia because his situation is different from Defendant Mares.

Claims under § 1983 are often analytically similar to—although still distinct from—common law torts, such as malicious prosecution. *Becker v. Kroll,* 494 F.3d 904 (10th Cir., 2007).  Plaintiff's position is that he was arrested, but if his detention is not sufficient for some as yet defined constitutional standard, that the criminal charges filed against him in any case resulted in his restraint of liberty in the form of restraints in his ability to travel and leave his residence, in requiring him to appear at a jury trial (where Plaintiff was acquitted).  See Colfax County Magistrate Court Release Order and Bond, a copy of which is attached hereto and marked Exhibit 2 (restriction to leaving the State of New Mexico); and Colfax County District Court Order Setting Conditions of Release, a copy of which is attached hereto and marked Exhibit 3 (restriction in leaving the State of New Mexico and in requiring him to live in his home and restricting him from leaving his home).  Plaintiff contends that these restraints constitute a sufficient restraint on his liberty to qualify as a seizure under the Fourth Amendment.  The fact that the charges were not dismissed (Plaintiff was tried and acquitted) and that Plaintiff went through a jury trial, distinguishes this case from *Becker*

*v. Kroll*.

In *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Court concluded that the Fourteenth Amendment does not provide a *substantive due process* right to be free from prosecution without probable cause, but left open the possibility that a plaintiff could bring such a claim under the Fourth Amendment. In *Albright,* Justice Ginsburg urged the Court to adopt a "continuing seizure analysis" could not garner a majority of the justices of the Supreme Court to adopt it. Those courts that subscribe to the line of reasoning endorsed by Justice Ginsburg have recognized a seizure only when criminal charges are coupled with another significant restraint on liberty, such as restrictions on travel. *See Murphy v. Lynn,* 118 F.3d 938, 945 (2d Cir.1997) (holding plaintiff seized when ordered not to leave state and required to attend court). This court should adopt Justice Ginsberg's "continuing seizure analysis".

<u>Defendant Garcia only</u>

The Fourteenth Amendment's protections encompass harms to liberty outside the scope of the Fourth Amendment's concern with freedom from restraint, such as harm to reputation resulting in some tangible injury, from which plaintiff indeed suffered. *Becker v. Kroll*; also s*ee, e.g., Michael H. v. Gerald D.,* 491 U.S. 110, 121, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989); *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Plaintiff can have no constitutional claim so long as he has a post-deprivation remedy in which he may vindicate these interests. *Id.*

The Supreme Court has held that where pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements. *Parratt v. Taylor,* 451 U.S. 527, 535-44, 101 S.Ct. 1908, 68 L.Ed.2d 420

3

(1981) (holding state could not anticipate employee's negligence); *see also Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending *Parratt*'s logic to intentional torts). In his *Albright* concurrence, Justice Kennedy argued that in § 1983 malicious prosecution cases, a "state actor's random and unauthorized deprivation of [Fourteenth Amendment due process interests] cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate post deprivation remedy." 510 U.S. at 284, 114 S.Ct. 807 (Kennedy, J., concurring). As he explained, "In the ordinary case where an injury has been caused ... by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983, at least in a suit based on `the Due Process Clause of the Fourteenth Amendment.'" *Id.* at 285, 114 S.Ct. 807 (quoting *Parratt,* 451 U.S. at 536, 101 S.Ct. 1908); *see also Nieves,* 241 F.3d at 53 (rejecting procedural due process claim under § 1983 for malicious prosecution because state provides adequate tort remedy); *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir.2001) (holding state tort remedy "knocks out any constitutional tort of malicious prosecution" based on due process).

According to Defendant Garcia, New Mexico tort law does not provide an adequate post deprivation remedy to protect Plaintiff's non-Fourth Amendment liberty interests because the State of New Mexico has not waived Defendant Garcia's immunity against tort claims. Defendant in effect makes this argument when he asserts that New Mexico has not waived his tort liability. Thus, New Mexico tort law does not provide an adequate procedural due process remedy for any injuries not cognizable as a Fourth Amendment seizure. Plaintiff has therefore suffered a deprivation of liberty in violation of his procedural due process rights.

Equal Protection.  Plaintiff is not making an equal protection claim; inasmuch as he has made one, he withdraws it.

First Amendment.  Defendants are correct in their analysis of any First Amendment argument Plaintiff could make.  Unfortunately, even though Plaintiff was retaliated against by the Defendants for doing his job as a police officer, the current case law does not appear to support a constitutional claim for Plaintiff to make.  However, the cases cited by Defendants concern wrongful termination, and this case involves a retaliatory prosecution.

A criminal defendant may proceed in a retaliatory prosecution action against an official "who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be strictly for retaliatory prosecution, but for successful retaliatory inducement to prosecute" *Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695, 164 L.Ed.2d 441.*  To establish a § 1983 retaliation claim against non-immune officials, Plaintiff must plead and prove (1) that he was engaged in a constitutionally protected activity; (2) that a defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that a defendant's action was substantially motivated as a response to her exercise of his First Amendment speech rights. *Worrell v. Henry,* 219 F.3d 1197, 1212 (10th Cir. 2000). He also must plead and prove the absence of probable cause for the prosecution.  *Hartman,* 126 S.Ct. at 1707.

Plaintiff has alleged all of these elements in his Complaint.  See Complaint at ¶¶7, 8, 9, 10, 12, 21, and 22.

## Jurisdiction Over State Law Claims

Should the Court dismiss Plaintiff's Federal claims, then the Court should decline jurisdiction over the State law claims and should remand them to State court.

## State Law Immunity

Defendants addresses this argument only as to Defendant Garcia.  As a police officer,

immunity is waived for Defendant Mares.  See NMSA §44-4-12.

As to Defendant Garcia, Defendant is correct.  The State of New Mexico has not waived any tort claims against Defendant Garcia.  Plaintiff has no tort remedy against Defendant Garcia and under the case law noted above, Plaintiff is entitled to 42 U.S.C. §1983 relief.

Statute of Limitations.

Plaintiff alleges an ongoing tort that ended when he was found not guilty by a jury for the criminal charges Defendants Mares and Garcia fabricated.   Plaintiff was found not guilty on May 10, 2016. See paragraph 22 of Complaint.   Defendants Garcia and Mares provided false testimony at the trial.  See log notes from Plaintiff's criminal jury trial, a copy of which are attached hereto and marked Exhibit 4.   Plaintiff filed this action six months later, on November 9, 2016.  The statute of limitations for his tort claims is two (2) years.  NMSA §41-4-15(A).  Plaintiff's Complaint was timely filed.  See *Martinez-Sandoval v. Kirsch*, 118 N.M. 616, 884 P.2d 507 (N.M. App., 1994) citing  Thus, Plaintiff treated Kirsch's alleged misconduct as a continuing tort, forming the predicate of one indivisible cause of action. Plaintiff's approach accords with the general rule that when a series of actions by a defendant cause one indivisible harm, Plaintiff has only one indivisible cause of action. See *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927) ("[R]espondent suffered but one actionable wrong ..., whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them.");
*Morris v. Fitzgerald*, 73 N.M. 56, 61-62, 385 P.2d 574, 578 (1963) (following Phillips ); 54 C.J.S. Limitations of Actions Sec. 177 (1987); 1A C.J.S. Actions Sec. 196 (1985) (several acts of negligence resulting in one injury create one cause of action).  Also see *Tiberi v. Cigna Corp*., 89 F.3d 1423 (10th Cir.1996)(Where the wrong is continuing, the statute of limitations does not begin

to run until the wrong is over and done with).

WHEREFORE, Plaintiff prays that the Court deny Defendants' motion and provide any such other and further relief as the Court deems just and proper in the premises.

/s/ Samuel M. Herrera

_____
SAMUEL M. HERRERA
THE HERRERA FIRM, P.C.
Attorney for the Plaintiff
P.O. Box 2345
Taos, New Mexico 87571
(575) 751-0417
*herrerafirm@qwestoffice.net*

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing pleading was e-mailed to opposing counsel of record this 12th day of September, 2017, by:

/s/ Samuel M. Herrera

_____
SAMUEL M. HERRERA