IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEON HERRERA,

    Plaintiff,

vs.                                                      1:16-cv-01366 LF-JHR

FERNANDO "NANDO" GARCIA,
Individually and as Mayor of the Village of Springer,
PAUL MARES, Individually and as Chief of Police
of the Village of Springer, and STEVEN MICHAEL
MARTINEZ, Individually and as Agent of the New
Mexico State Police,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on plaintiff Leon Herrera's Motion for Leave to File Amended Complaint. Doc. 64. Herrera seeks to amend his complaint to state only state-law claims against defendant Paul Mares. *See* Doc. 64 at 1; Doc. 64-1 (proposed amended complaint alleging claims of malicious abuse of process; libel, slander, defamation of character, false light; and prima facie tort against Mares only). Mares opposes Herrera's motion, arguing that permitting the amendment is futile because all claims are barred by the statute of limitations, and also because Mares is immune from suit on the prima facie tort claim. Doc. 65. In his reply, Herrera disputes that his claims are time-barred, but does not address the immunity issue. Doc. 66. Having considered the parties' submissions and the relevant law, I DENY Herrera's motion and dismiss his state-law claims against defendant Mares without prejudice. I DISMISS all Herrera's federal claims with prejudice, and all his claims against defendant Garcia with prejudice.

## I. Background

In November 2016, plaintiff Leon Herrera filed a complaint in the Fourth Judicial District Court for the State of New Mexico alleging that defendants Fernando "Nando" Garcia, Paul Mares, and Steven Michael Martinez violated his constitutional rights under 42 U.S.C. § 1983, and also committed various torts against him under New Mexico state law. Doc. 1-1. Defendants removed the case to this Court based on federal question jurisdiction. Doc. 1 at 2. On September 5, 2017, the Court granted a stipulated dismissal of all claims pending against Martinez with prejudice. Doc. 54. That dismissal left only Garcia and Mares in the case as defendants.

On January 18, 2018, the Court granted defendants Garcia and Mares' motion to dismiss the complaint. Doc. 63. The Court dismissed some of Herrera's federal claims with prejudice because amending those claims would be futile or because Herrera agreed to the dismissal. *See id.* at 12–13, 19. The Court dismissed Herrera's remaining federal claims without prejudice, as amendment was not obviously futile. *Id.* The Court dismissed all Herrera's state-law claims against Garcia with prejudice based on Herrera's acknowledgment that Garcia was immune from suit on these claims. *See id.* at 15. The Court dismissed Herrera's state-law claims against Mares because he failed to state plausible claims against him, but it dismissed those claims without prejudice. *See id.* at 14–18. The Court gave Herrera 21 days to move to amend his complaint on any claims that were dismissed without prejudice. *Id.* at 19.

## II. Herrera's Motion to Amend

In his motion to amend, Herrera seeks to amend only his state-law claims against Mares. Doc. 64. He does not seek to "resuscitate" any of his claims against Garcia, nor does he seek to "resuscitate" any of his federal claims. *See id.* at 1. Thus, the Court will dismiss with prejudice

all of Herrera's claims against Garcia, and all of Herrera's federal claims.

The dismissal of all the federal claims, however, leaves only pendent state law claims against Mares. Both the Supreme Court and the Tenth Circuit have made clear that when all federal claims are eliminated before trial, district courts can—and generally should—decline to exercise jurisdiction over pendent state-law claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Smith v. City of Enid By and Through Enid City Com'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

This case was removed to this Court based on federal question jurisdiction over Herrera's § 1983 claims. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Court has discretion to dismiss or remand supplemental state law claims once it has dismissed all federal question claims, although the Tenth Circuit has said that courts should consider retaining state claims if "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) (quoting *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995)).

The pretrial proceedings in this case have focused primarily on the federal constitutional claims. The Court stayed discovery at the request of the parties in August last year, based on the defendants' motion to dismiss based on qualified immunity. Doc. 52. Although the parties

already have conducted some discovery, they will have to conduct additional discovery before the case would be ready for trial whether the case proceeds in federal or state court. The defendants, however, have raised defenses to the state claims that are based entirely on state law, namely, that the New Mexico statute of limitations bars Herrera's state law claims, and that Mares is immune from suit on Herrera's claim of prima facie tort under the New Mexico Tort Claims Act. *See* Doc. 65. Thus, judicial economy, convenience, and fairness would best be served by having a New Mexico state court decide all the legal issues based on New Mexico law, particularly since no federal claims are left.

Because this case originally was removed from state court, under normal circumstances, the Court would remand the case to state court. But as it stands now, Herrera's state claims have been dismissed without prejudice. *See* Doc. 63. Although the Court gave Herrera leave to move to amend his complaint, the Court cannot remand the case if no claims are currently pending, and the Court cannot "resuscitate" Herrera's claims without exercising jurisdiction over the state law claims by granting the motion to amend. Because the Court declines to exercise its supplemental jurisdiction under these circumstances, the Court instead will enter final judgment dismissing Herrera's state law claims without prejudice. The dismissal should not prejudice Herrera given that "[t]he [state] period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed . . . ." 28 U.S.C. § 1367(d); *see also Gathman-Matotan Architects and Planners, Inc. v. State, Dept. of Finance and Admin., Property Control Div.*, 1990-NMSC-013, ¶10, 109 N.M. 492, 494, 787 P.2d 411, 413 ("the Court in *Bracken* [*v. Yates Petroleum Corp.*] clearly applied the principle that . . . the filing of an action later dismissed without prejudice for reasons such as . . . a federal court's discretionary refusal to entertain pendent

jurisdiction tolls the statute of limitations applicable to the claim") (citing *Bracken v. Yates Petroleum Corp.*, 1988-NMSC-072, ¶¶ 9–13, 107 N.M. 463, 465–66, 760 P.2d 155, 157–58).

**III.     Conclusion**

For the foregoing reasons, the Court DENIES plaintiff Leon Herrera's Motion for Leave to File Amended Complaint (Doc. 64). All Herrera's federal claims, including Counts I and II of his original complaint, are dismissed with prejudice. All Herrera's claims against defendant Garcia, both federal and state, are dismissed with prejudice. Herrera's state-law claims against defendant Mares are dismissed without prejudice.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge